# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**LEONARDO SIMPKINS,**

    **Plaintiff,**

**v.**                                                                                       Case No: 5:24-cv-164-WFJ-PRL

**OFFICER WISSINGER, MR.
MCCATHERTAN, EDWARD SCOTT
and MICHAEL JOHNSON,**

    **Defendants.**

## ORDER OF DISMISSAL

THIS CAUSE is before the Court on Plaintiff Leonardo Simpkins's Civil Rights Complaint (Doc. 1) filed under 42 U.S.C. § 1983. The case is due to be dismissed because the Plaintiff is prohibited from proceeding in forma pauperis, per 28 U.S.C. § 1915(g) and did not pay the filing fee at the time he initiated this case.

Section 1915(g) of the Prison Litigation Reform Act states:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) Thus, if a prisoner has had three or more civil actions or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte,* under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of Plaintiff's recent federal civil actions that were dismissed under 28 U.S.C. § 1915(g): (1) *Simpkins v. Wissinger, et al.*, No. 5:23-cv-630-SPC-PRL (M.D. Fla.); (2) *Simpkins v. Wissinger,* et al., No. 5:23-cv-604-SPC-PRL (M.D. Fla.); (3) *Simpkins v. Wissinger, et al.,* No. 5:23-cv-85-TPB-PRL (M.D. Fla.); (4) *Simpkins v. Brandon, et al.,* No. 3:17-cv-1385-HLA-MCR (M.D. Fla.).

Based upon the prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, he is required to pay the filing fee at the time the lawsuit is initiated, and the case will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form together with the full filing fee.

Accordingly, it is now **ORDERED** and **ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

2. The **Clerk** is directed close the case.

**DONE** and **ORDERED** in Tampa, Florida on April 4, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Pro Se Party